```
David N. Chandler, Sr.   SBN 60780
David N. Chandler, Jr.   SBN 235427
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, CA  95404
Telephone: (707) 528-4331

Attorneys for Debtors
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | CASE No. 10-12656 |
| JOHN HOWARD BOARDMAN, and JOHANNA LEA BOARDMAN, | CHAPTER 13 |
| DEBTORS.            / | MOTION TO DETERMINE SECURED STATUS; DECLARATION OF JOHANNA BOARDMAN; MEMORANDUM OF POINTS AND AUTHORITIES (RCU) |
| | Date:  August 20, 2010<br>Time:  9:00 a.m.<br>Place: 99 South E St.<br>       Santa Rosa, CA |

TO: HONORABLE ALAN JAROSLOVSKY, UNITED STATES BANKRUPTCY JUDGE:

JOHN and JOHANNA BOARDMAN, Debtors herein, hereby move the above entitled Court for an Order Determining the Secured Status of the allowed claim of Redwood Credit Union (3571 Tollini Lane, Ukiah, CA) pursuant to Section 506 of the Code and the terms of the Chapter 13 Plan.

Said Motion is made on the grounds that the value of the collateral is less than the allowed claim of such holder and that the claim is wholly unsecured.  Said allowed claim is unsecured.

Said Motion is based hereon, on the appended Declaration of Johanna Boardman and on the Memorandum of Points and Authorities appended hereto.

Dated:   7/23/10                    DAVID N. CHANDLER, p.c.


                                    By: */s/ David N. Chandler*
                                    DAVID N. CHANDLER,
                                    Attorney for Debtors

DECLARATION OF JOHANNA BOARDMAN

I, JOHANNA BOARDMAN, declare and say:

1. That if called as a witness, I am competent to testify to the within matters from my own knowledge.

2. I am the Debtor in the above captioned matter and have an opinion of value of the subject real property based upon my ownership thereof.

3. The real property located at 3571 Tollini Lane, Ukiah, California is real property owned by my husband and I consisting of two single family residences on a single parcel of real property.

4. Said real property has a current market value of $277,000 in my opinion.

5. Property in the immediate vicinity of the subject property has been foreclosed and suffered from neglect.

Executed under penalty of perjury this 19th day of July, 2010 at Ukiah, California.

                            */s/ Johanna Boardman*
                            Johanna Boardman, Debtor

MEMORANDUM OF POINTS AND AUTHORITIES

1. An allowed claim of a creditor secured by a lien on property in which the estate has an interest is secured to the extent of the value of such creditor's interest in the estate's interest in such property. 11 U.S.C. Section 506(a)(1).

2. To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void. Section 506(d).

3. Section 506(a) bifurcates a debt into secured and unsecured components. The secured component is the secured debt.

1 | In re Glenn, 786 F.2d 1144 (9th Cir. 1986).
2 |     4.   The Chapter 13 Plan provides that the claim of Bank of
3 | America will be stripped upon discharge.
4 |     5.   It is respectfully submitted that the value of the
5 | collateral which is collateral for the claimholder is as set forth
6 | herein and that the claimant's allowable claim is wholly unsecured.
7 |     6.   It is submitted that the collateral be valued as herein
8 | provided and that the secured component of the claim be determined.
9 | Dated:   7/23/10          Respectfully submitted,
10 |                              DAVID N. CHANDLER, p.c.
12 |                              By: */s/ David N. Chandler*
13 |                              DAVID N. CHANDLER,
                             Attorney for Debtors