UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JOHN and JOHANNA BOARDMAN,   No. 10-12656

Debtor(s).
_____/

Memorandum on Objection to Confirmation of Chapter 13 Plan
_____

    Debtors John and Johanna Boardman have proposed a Chapter 13 plan which modifies the rights of creditor Creditor U.S. Bank, which holds a first deed of trust to the debtors' real property at 3571 Tollini Lane, Ukiah, California. The plan proposes to pay the Bank the value of its collateral, which the parties have stipulated to be $400,000.00. The Bank is owed about $629,000.00, and argues that its rights may not be modified by virtue of § 1322(b)(2) of the Bankruptcy Code, which forbids modification of claims "secured only by a security interest in property that is the debtor's principal residence . . . ."

    The property is clearly not just the Boardmans' residence. There is a second home on the property which the Boardmans rent out. This fact is clear and unambiguous to anyone who inspects the property, even casually. Each house stands on its own foundation, has its own garage, and has its own driveway. Each house is separately insured.

    While there is no controlling law in this circuit, other circuits have agreed with the Boardmans' position that § 1322(b)(2) protects claims secured only by a security interest in real property that is the debtor's principal residence, not real property that merely includes or contains the debtor's principal residence, so that a claim secured by multi-unit property is subject to modification even if the debtor occupies one of the units. *In re Scarborough,* 461 F.3d 406, 411 (3rd Cir. 2006); *Lomas Mortgage,*

1 *Inc. v. Louis*, 82 F.3d 1, 7 (1st Cir. 1996). In the absence of a decision of Ninth Circuit Court of
2 Appeals, lower federal courts in this circuit are supposed to follow the rulings of circuit courts in other
3 circuits. *In re Taffi,* 68 F3d. 306, 308 (9th Cir. 1995); *In re Berg*, 188 B.R. 615, 620 (9th Cir. BAP
4 1995). The court will accordingly follow *Scarborough* and *Louis* and find that the Bank's lien is
5 subject to modification notwithstanding § 1322(b)(2).

6 The Bank's only opposition is a muddled one. It has produced the original loan application,
7 prepared by the mortgage broker who procured the loan and signed by the Boardmans, reciting that
8 they had no rental income. To the extent that the Bank relies on the loan application as evidence that
9 there are not two homes on the property, the evidence is overwhelming that there are in fact two
10 homes. To the extent that the Bank vaguely argues without articulating it that the Boardmans are
11 estopped from seeking to modify its loan because of the loan application, the Bank has not met its
12 burden. The loan application was prepared by a mutual agent who knew all the facts, the Boardmans
13 did not intend to deceive the Bank, and there is no evidence that the Bank or its predecessor in interest
14 would not have made the loan if rental income had been listed.

15 The real problem with the Boardmans' plan is § 1325(a)(5)(B)(i)(I), which provides that the
16 holder of a secured claim must retain its lien until the full amount of its debt under nonbankruptcy law
17 has been paid or the Chapter 13 discharge is entered. The plan provides that "[u]pon payment to the U.S.
18 Bank of the amount equal to such interest of U.S. Bank in the collateral, the Deed of Trust of U.S. Bank shall be
19 reconveyed." This provision violates § 1325(a)(5)(B)(i)(I) and makes the plan unconfirmable. See *In
20 re Picht,* 428 B.R. 885, 893-94 (10th Cir. BAP 2010)["Accordingly, because the lien release provision
21 of the plan violates the Bank's right to retain its lien under § 1325(a)(5)(B)(i)(I) until the debt to the
22 Bank is paid or the lien is otherwise extinguished under nonbankruptcy law, the plan should not have
23 been confirmed."]; *In re Martin,* – B.R. – (Bkrtcy.M.D.N.C. 2011)["Section 1325(a) makes clear that
24 the holder of a secured claim retains the liens securing such claim until the earlier of 'the payment of
25 the underlying debt determined under nonbankruptcy law' or 'discharge under section 1328.'"].

26 For the foregoing reasons, insofar as the Bank objects on grounds that its lien is not modifiable

2

1 | the objection will be overruled, but insofar as it argues that the plan does not meet the requirements of
2 | § 1325(a)(5)(B)(i)(I) its objection will be sustained.  Counsel for the Bank shall submit a form of order
3 | denying confirmation of the second amended plan.
4 |
5 | Dated: February 7, 2011

                                              Alan Jaroslovsky
                                              U.S. Bankruptcy Judge