```
 1  David N. Chandler, Sr.   SBN 60780
    David N. Chandler, Jr.   SBN 235427
 2  DAVID N. CHANDLER, p.c.
    1747 Fourth Street
 3  Santa Rosa, CA  95404
    Telephone: (707) 528-4331
 4
    Attorneys for Debtors
 5
                    UNITED STATES BANKRUPTCY COURT
 6
                    NORTHERN DISTRICT OF CALIFORNIA
 7
     IN RE:                          CASE NO. 10-12656
 8
     JOHN HOWARD BOARDMAN, and       CHAPTER 13
 9   JOHANNA LEA BOARDMAN,
                                     NOTICE OF HEARING ON THIRD
10        DEBTORS.            /      AMENDED CHAPTER 13 PLAN
                                     Date:   May 11, 2011
11                                   Time:   1:30 p.m.
                                     Place:  99 South E St.
12                                           Santa Rosa, CA
13
14
         TO: ALL PARTIES IN INTEREST:
15
         PLEASE TAKE NOTICE that the hearing on the Debtors' Third
16
    Amended Chapter 13 Plan, Exhibit A hereto, will be heard before the
17
    above entitled Court located at 99 South E Street, Santa Rosa,
18
    California, on May 11, 2011, at the hour of 1:30 p.m.
19
20  Dated:   4/6/11                        DAVID N. CHANDLER, p.c.
21
22                                         By: /s/ David N. Chandler
                                           David N. Chandler,
23                                         Attorney for Debtors
24
25
26
27
28
```

# EXHIBIT A

Name of Debtor:                         Case No. 10-12656
JOHN HOWARD BOARDMAN
JOHANNA LEA BOARDMAN

Last four digits of Soc. Sec. No.: 0127
Last four digits of Soc. Sec. No.: 3471

## THIRD AMENDED CHAPTER 13 PLAN

**CONFIRMATION OF THIS PLAN MAY MODIFY YOUR RIGHTS BY PROVIDING FOR PAYMENT OF LESS THAN THE FULL AMOUNT OF YOUR CLAIM, BY ESTABLISHING THE VALUE OF THE COLLATERAL SECURING YOUR CLAIM, AND/OR BY ESTABLISHING THE INTEREST RATE IF ANY ON YOUR CLAIM. THE VALUES PROVIDED FOR CREDITORS HEREIN SHALL BE BINDING UNLESS A TIMELY OBJECTION TO CONFIRMATION IS FILED.**

Debtor proposes the following Chapter 13 Plan:

### Section I. Plan Payments and Commitment Period

**1.1.** The future earnings of Debtor shall be submitted to the supervision and control of Trustee as is necessary for execution of the plan. Debtor shall pay to Trustee the sum of $200.00 each month. If the monthly payments will increase or decrease the payment schedule is set forth below. The monthly plan payment shall be reduced by the adequate protection payments due on certain Class 1 secured claims, as specified in paragraph 2.9 below. The payment set forth in 2.9(3) shall terminate after payment as provided in paragraph 6b. After confirmation the debtor shall make all payments to the trustee.

| MONTHLY PAYMENT AMOUNT | NUMBER OF PAYMENTS | TOTAL |
|---|---|---|
| 1. 200.00 | 36 | 7,200.00 |
| 2. | | |

**1.2.** The monthly plan payments will continue for 36 months or until completed. There is no applicable commitment period of the Plan pursuant to In re Kagenveama, 541 F.3d 868 (9th Cir. 2008).

### Section II. Claims and Expenses

**A. Proofs of Claim**

**2.1.** A proof of claim must be filed by or on behalf of a creditor before a claim may be paid pursuant to this plan.

**2.2.** Payments on domestic support obligations and payments on loans from retirement or thrift savings plans of the type described in section 362(b)(19) falling due after the filing of the petition shall be paid by Debtor directly to the person entitled to receive such payments whether or not a proof of claim is filed or the plan is confirmed.

**2.3.** The proof of claim, not this plan or the schedules, shall determine the amount and classification of a claim. If a claim is provided for by this plan and a proof of claim is filed, dividends shall be paid based upon the proof of claim unless the collateral has been valued in paragraph 2.8, a motion to value has been granted, or a lien avoidance motion, or the sustaining of a claim objection, affects the amount or classification of the claim.

**B. Administrative Expenses**

**2.4.** **Trustee's fees.** Pursuant to 28 U.S.C. § 586(e), Trustee shall receive up to 10% of plan payments, whether made before or after confirmation as established by the United States Trustee.

**2.5.** **Administrative expenses.** Except to the extent the claimant agrees to accept less, and unless section 1326(b)(3)(B) is applicable, administrative expenses shall be paid in full.

**2.6. Debtor's attorney's fees.** Debtor paid $2,000.00 as and for attorney fees prior to the filing of the petition. The balance of fees and costs in the sum of $4,000.00 shall be paid at the rate of $165.00 per month (15 months) or more.

**2.7. Fees of former chapter 7 Trustee.** Payment of compensation of the type described in section 1326(b)(3) shall be limited to the greater of $25, or 5% of the amount payable to nonpriority unsecured creditors divided by the length of the plan, each month for the duration of the plan.

**C. Secured Claims**

**2.8. Class 1. Secured claims that are modified by this plan or that have matured.** Each Class 1 claim will be paid in full, retain its existing lien, and receive a dividend in an equal monthly amount as specified below. The amount of a Class 1 claim shall be the amount due under any contract between Debtor and the claimant or under applicable nonbankruptcy law, or, if section 506(a) is applicable, the value of the collateral securing the claim, whichever is less. Section 506(a) is not applicable if (a) the claim was incurred within 910 days of the filing of the petition and is secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor, or (b) the claim was incurred within 1-year of the filing of the petition and is secured by personal property security interest in any other thing of value. The monthly payment to Class 1 claims shall begin after confirmation. If the interest rate is left blank the rate shall be 10% per annum.

| Class 1 Creditor's Name/ Collateral Description | Purchase Money Security Interest? Y/N | Is Claim Subject to § 506(a)? Y/N | Claim Amount Or Value of Collateral | Interest Rate | Monthly Dividend |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |

**2.9 Adequate protection payments.** *Prior to confirmation*, Debtor shall pay on account of each allowed Class 1 claim secured by a purchase money security interest in personal property an adequate protection payment as required by section 1326(a)(1)(C). This adequate protection payment shall be the equal monthly amount set forth below. Adequate protection payments shall be paid each month beginning the first month after the petition is filed. *For each month an adequate protection payment is made, that amount shall be subtracted from the plan payment required to be paid to the trustee under section 1.1 above.* The adequate protection payments to be made pre-confirmation by the debtor are as follows:

| Creditor's Name/ Collateral Description | Purchase Money Security Interest? Y/N | Payment Due Date | Adequate Protection Payment |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |

**2.10 Class 2. Secured claims subject to a Motion to Avoid Lien.** The debtor has or will file a motion to avoid the following liens of the secured creditors pursuant to 11 U.S.C. §522(f). The above claims shall be treated as unsecured claims for distribution pursuant to this plan.

| Creditor's Name/Collateral Description | Claim Amount |
|---|---|
| 1. | |
| 2. | |

**2.11. Class 3. Secured claims satisfied by the surrender of collateral.** Debtor shall surrender the following collateral. A secured creditor whose collateral is surrendered shall be paid as an unsecured nonpriority creditor provided the creditor files an unsecured nonpriority deficiency claim and no objection to the claim is sustained.

2

| Class 3 Creditor's Name/Collateral Description | Estimated Deficiency |
|---|---|
| 1. | |
| 2. | |

**2.12. Class 4. Secured claims paid directly by Debtor or third party.** Class 4 claims mature after the completion of this plan, are not in default or if in default constitute real property secured claims for which the arrearage is paid as a Class 1 claim, and are not modified by this plan. Monthly contract installments shall be made as they fall due whether or not the plan is confirmed.

| Class 4 Creditor's Name | Monthly Contract Installment | Maturity Date |
|---|---|---|
| 1. Redwood Credit Union (Honda) | $466.75 | 13 months |
| 2. Redwood Credit Union (VW) | $164.73 | 27 months |
| 3. ServiceMaster Acceptance Co., L.P. | $361.00 | Unknown (0ver 60 months) |
| 4. | | |

### D. Unsecured Claims

**2.13. Class 5. Unsecured priority claims** entitled to priority pursuant to section 507 shall be paid in full. If this plan will not pay a priority claim of the type described in section 1322(a)(4) in full, the identity of the holder of that claim and treatment proposed for it shall be included in the Additional Provisions below.

| Class 4 Creditor's Name | Type of Priority | Claim Amount |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |

**2.14. Class 6. General unsecured claims.** Claims not listed as Class 5 claims, Class 2, Class 3, and claims that are not secured by property belonging to Debtor, will receive a dividend pursuant to this plan as follows:

1. The estimated sum of _____1_____ (%) percent. (Base Plan) This amount is calculated by multiplying the monthly payments times the commitment period and from such sum deducting administrative claims, secured claims, and priority claims. The balance if any shall be paid pro-rata to the unsecured nonpriority creditors.

## Section III. Executory Contracts and Unexpired Leases

**3.01.** Debtor assumes the Executory contracts and unexpired leases listed below. Debtor shall pay directly to the other party to the Executory contract or unexpired lease, before and after confirmation, all post-petition payments. Any pre-petition arrears shall be paid in full either as a Class 1 or a Class 6 claim.

**3.02.** Any Executory contract or unexpired lease not listed in the table below is rejected.

| Name of Other Party to Executory Contract or Unexpired Lease | Pre-petition Arrears | Regular Payment | Will Arrears Be Paid as a Class 1 or 6 Claim? |
|---|---|---|---|
| 1. MerryMaids (ServiceMaster) | 0 | $361.00 | Yes |
| 2. | | | |

## Section IV. Payment of Claims and Order of Payment

**4.01.** After confirmation of this plan, funds available for distribution will be paid by the Trustee to holders of allowed claims.

**4.02. Distribution of plan payments.** From the monthly plan payment, Trustee shall pay Trustee's fees, administrative expenses, the monthly amount specified above for each Class 1 secured claim, Class 5 priority claims until they are paid in full [or, if the claim is of a type described in section 1322(a)(4), the amount specified in the Additional Provisions has been paid], then to holders of Class 6 unsecured claims as specified in paragraph 2.14.

## Section V.  Miscellaneous Provisions

**5.01.   Vesting of property.** Any property of the estate scheduled under section 521 shall [*choose one*] [  ] revest in Debtor on confirmation or [   ] not revest in Debtor until such time as a discharge is granted.  In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code or is dismissed, the property of the estate shall be determined in accordance with applicable law. Failure to elect an option for revesting shall revest the property in the debtor at confirmation.

**4.02.   Debtor's duties.  The debtor shall:**

Provide the Chapter 13 Trustee with the names(s), address(es) and phone number(s) of the holder of ANY domestic support obligation as defined in 11 U.S.C. § 101(14A) within 10 days of the filing of the petition.

**4.03.   Sale of Property**. The debtor may:

a.  Purchase or sell real or personal property, or otherwise incur debt in the ordinary course of business without further court order and without notice to creditors upon approval of the Chapter 13 Trustee.
b.  Cause the real property located at 3571 Tollini Lane, Ukiah, CA to be subdivided should the General Plan be amended to permit same.

## Section VI.  Additional Provisions

**6.01.**   Optional Provisions

a.  Debtors shall file a Motion pursuant to 11 U.S.C. Section 506 to determine the value of the collateral located at 3571 (3561) Tollini Lane, Ukiah, California and that the allowed claim of Redwood Credit Union is wholly unsecured as to said real property.  Pending Discharge, the Deed of Trust shall be subordinated to the new Deed of Trust and amounts secured thereunder as described in paragraph 6.01 b.
b.  Debtors shall file a Motion pursuant to 11 U.S.C. Section 506 to determine the value of the collateral located at 3571 (3561) Tollini Lane, Ukiah, California and the value of the interest of U.S. Bank in the interest of the Debtors in such collateral.  Debtors shall borrow said amount together with such amount as is required to pay the Trustee fees on the distribution and sums due the County of Mendocino as shown on the unsecured tax roll together with accrued interest and penalty within sixty days of confirmation of the Plan secured by a first priority Deed of Trust describing said real property.  Pending Discharge, the Deed of Trust of U.S. Bank shall be subordinated to the new Deed of Trust and amounts secured thereunder .  The modified amount of such claim shall be distributed to U.S. Bank (estimated at $400,000).
c.  Trustee fees on the Trustee's distribution to U.S. Bank, if any, shall be limited to 2%.
d.  Payments on the new loan shall be paid direct by the Debtors.


Dated:  4/4/11                                         DAVID N. CHANDLER, p.c.

                                                       By:   */s/ David N. Chandler*
                                                        DAVID N. CHANDLER,
                                                        Attorney for Debtors

# CERTIFICATE OF SERVICE

I am a citizen of the United States, and over the age of eighteen (18) years, employed at 1747 Fourth Street, Santa Rosa, California, and not a party to the within action.

On April 6, 2011, I served a copy of the within NOTICE OF HEARING ON THIRD AMENDED CHAPTER 13 PLAN on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States post office mail box at Santa Rosa, California, addressed as follows:

(SEE ATTACHED)

I, JANE F. KAMAS, declare under penalty of perjury that the foregoing is true and correct.

Executed on April 6, 2011, Santa Rosa, California.

                                                                  /s/ Jane F. Kamas
                                                      JANE F. KAMAS

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0971-1<br>Case 10-12656<br>Northern District of California<br>Santa Rosa<br>Tue Apr  5 12:42:45 PDT 2011 | ACS<br>P.O. Box 7051<br>Utica, NY 13504-7051 | AT&T Universal Card<br>P.O. Box 6940<br>The Lakes, NV 88901-6940 |
| American Express<br>Box 0001<br>Los Angeles, CA 90096-0001 | American Express Centurion Bank<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern  PA 19355-0701 | BAC Home Loans Servicing, LP, et al<br>BK Dept. MS CA6-919-01-23<br>400 National Way<br>Simi Valley, ca 93065-6414 |
| Bank of America<br>P.O. Box 15713<br>Wilmington, DE 19886-5713 | Johanna Lea Boardman<br>3571 Tollini Ln.<br>Ukiah, CA 95482-7803 | John Howard Boardman<br>3571 Tollini Ln.<br>Ukiah, CA 95482-7803 |
| David Burchard<br>393 Vintage Park Drive<br>Suite 150<br>Foster City, CA 94404-1172 | (p)EMPLOYMENT DEVELOPMENT DEPARTMENT<br>STATE OF CALIFORNIA<br>BENEFIT OVERPAYMENT COLLECTION SECTION<br>MIC 91<br>PO BOX 826218<br>SACRAMENTO CA 94230-6218 | Candica, L.L.C.<br>c/o Weinstein And Riley, PS<br>2001 Western Avenue<br>Ste 400<br>Seattle, WA 98121-3132 |
| Candica, L.L.C.<br>c/o Weinstein & Riley, P.S.<br>2001 Western Ave., Ste. 400<br>Seattle, WA 98121-3132 | David N. Chandler<br>Law Offices of David N. Chandler<br>1747 4th St.<br>Santa Rosa, CA 95404-3601 | Chase<br>Card Member Service<br>P.O. Box 94014<br>Palatine, IL 60094-4014 |
| Downey Savings & Loan<br>3501 Jamboree Rd.<br>Newport Beach, CA 92660-2980 | FCI Lender Services, Inc.<br>8180 East Kaiser Blvd.<br>Anaheim, CA 92808-2277 | Fia Card Services, NA As Successor In Intere<br>Bank of America NA and Mbna America Bank<br>1000 Samoset Drive<br>DE5-023-03-03<br>Newark, DE 19713-6000 |
| Franchise Tax Board<br>Bankruptcy Group<br>P.O. Box 2952<br>Sacramento, CA 95812-2952 | GE Money Bank<br>c/o Recovery Management Systems Corp.<br>25 SE 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 | LVNV Funding LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Liberty Mutual Insurance Company<br>Liberty Mutual Group<br>100 Liberty Way; P.O. Box 1525<br>Dover, NH 03820-4597<br>Customer Accounting Services | Mendocino County Tax Collector<br>501 Low Gap Road<br>Room 1060<br>Ukiah, CA 95482-3734 | Merry Maids<br>1650 Shelby Oaks Drive, Suite 3<br>Memphis, TN 38134-7411 |
| Nordstrom Bank<br>P.O. Box 79137<br>Phoenix, AZ 85062-9137 | Nordstrom fsb<br>POB 6566<br>Englewood, CO 80155-6566 | Oak Harbor Capital, L.L.C<br>c/o Weinstein & Riley, P.S.<br>2001 Western Ave., Ste. 400<br>Seattle, WA 98121-3132 |
| Office of the U.S. Trustee / SR<br>235 Pine Street<br>Suite 700<br>San Francisco, CA 94104-2736 | Palisades Collections, LLC<br>Vativ Recovery Solutions LLC<br>As Agent For Palisades Collections, LLC<br>PO Box 19249<br>Sugar Land TX 77496-9249 | Dean Prober<br>Polk, Prober and Raphael<br>20750 Ventura Blvd. #100<br>Woodland Hills, CA 91364-6207 |

| | | |
|---|---|---|
| RBS<br>Credit Card Services<br>P.O. Box 42010<br>Providence, RI 02940-2010 | RBS Citizens<br>480 Jefferson Blvd<br>RJE 135<br>Warwick RI 02886-1359 | Richard Ralston<br>Law Offices of Weinstein and Riley<br>2101 4th Ave. #900<br>Seattle, WA 98121-2339 |
| Lee S. Raphael<br>Prober and Raphael, ALC<br>20750 Ventura Blvd.<br>Woodland Hills, CA 91364-2338 | Redwood Credit Union<br>P.O. Box 6104<br>Santa Rosa, CA 95406-0104 | Sam & Lucy Powell<br>2900 Mesa Dr.<br>Redwood Valley, CA 95470-9513 |
| Servicemaster Acceptance Company<br>860 Ridge Lake Blvd D1-4003<br>Memphis, TN 38120-9434 | Shasta Boardman<br>#8 Kevin Ct.<br>Chico, CA 95928-6389 | The ServiceMaster Acceptance Company, L.P.<br>DI-4003<br>860 Ridgelake Blvd.<br>Memphis, TN 38120-9434 |
| The ServiceMaster Acceptance Company, L.P.<br>c/o Sara E. Cook, McKenna Storer<br>666 Russel Court, Suite 303<br>Woodstock, IL 60098-2672 | U.S. Bank, N.A., et al<br>c/o National Default Servicing Corp.<br>7720 North 16th Street, Suite 300<br>Phoenix, AZ 85020-7404 | U.S. Bank, N.A., et al<br>3121 Michelson Drive, Suite 500<br>Irvine, CA 92612-7673 |
| Vion Holdings, LLC<br>c/o Creditors Bankruptcy Service<br>P.O. Box 740933<br>Dallas, TX 75374-0933 | (p)CHASE CARD SERVICES<br>201 NORTH WALNUT STREET<br>ATTN MARK PASCALE<br>MAIL STOP DE1-1406<br>WILMINGTON DE 19801-2920 | Wausau Insurance Companies<br>P.O. Box 7247-0135<br>Philadelphia, PA 19170-0135 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| CA Employment Development Dept.<br>Bankruptcy Group MIC 92E<br>P.O. Box 826880<br>Sacramento, CA 94280-0001 | Washington Mutual Card Services<br>P.O. Box 660487<br>Dallas, TX 75266-0487 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)BAC Home Loans Servicing, LP, et al<br>BK Dept. MS CA6-919-01-23<br>400 National Way<br>Simi Valley, CA 93065-6414 | (d)Oak Harbor Capital, L.L.C.<br>c/o Weinstein & Riley, P.S.<br>2001 Western Ave.<br>Ste. 400<br>Seattle, WA 98121-3132 | End of Label Matrix<br>Mailable recipients    44<br>Bypassed recipients    2<br>Total    46 |